UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cr-80112-Rosenberg/Reinhart
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 853

UNITED STATES OF AMERICA

vs.

JOSUE DAVID BALAGUER,
MARCOS GEOVANNY BELTRE OLIVO,
and JOEL MEDINA,

Defendants.
_______________________________________/

FILED BY SP D.C.
SEP 24 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**INDICTMENT**

The Grand Jury charges that:

**COUNT 1**

From in or around February 2024, the exact date being unknown to the Grand Jury, and continuing through on or about September 11, 2024, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**JOSUE DAVID BALAGUER,**
**MARCOS GEOVANNY BELTRE OLIVO,**
**and**
**JOEL MEDINA,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and with other persons known and unknown to the Grand Jury, to distribute, and to possess with intent to distribute, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

With respect to the defendants, **JOSUE DAVID BALAGUER**, **MARCOS GEOVANNY BELTRE OLIVO**, and **JOEL MEDINA**, it is further alleged that the controlled substance involved in the conspiracy attributed to each defendant, as a result of that defendant's own conduct and the conduct of other conspirators reasonably foreseeable to that defendant, is 40 grams or more of a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, that is, fentanyl, a Schedule II controlled substance, in

violation of Title 21, United States Code, Section 841(b)(1)(B)(vi).

With respect to the defendants, **JOSUE DAVID BALAGUER, MARCOS GEOVANNY BELTRE OLIVO**, and **JOEL MEDINA**, it is further alleged that the controlled substance involved in the conspiracy attributed to each defendant, as a result of that defendant's own conduct and the conduct of other conspirators reasonably foreseeable to that defendant, is a mixture and substance containing a detectable amount of N-Pyrrolidino Protonitazene, a controlled substance analogue as defined in Title 21, United States Code, Section 802(32)(A), and that each defendant knew the mixture and substance was intended for human consumption as provided in Title 21, United States Code, Section 813, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **JOSUE DAVID BALAGUER, MARCOS GEOVANNY BELTRE OLIVO**, and **JOEL MEDINA**, have an interest.

2. Upon conviction of a violation of Title 21, United States Code, Sections 846 and 841(a)(1), as alleged in this Indictment, the defendant so convicted shall forfeit to the United States of America, pursuant to Title 21, United States Code, Sections 853(a)(1) and (a)(2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, by the defendant in any manner or part, to commit, or to facilitate the commission of, such violation.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

DANIEL E. FUNK
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

v.
JOSUE DAVID BALAGUER,
MARCOS GEOVANNY BELTRE OLIVO,
and JOEL MEDINA, /

Defendants.

**CASE NO.:** 24-cr-80112-Rosenberg/Reinhart

**CERTIFICATE OF TRIAL ATTORNEY**

**Court Division** (select one)

☐ Miami ☐ Key West ☐ FTP
☐ FTL ☒ WPB

**Superseding Case Information:**
New Defendant(s) (Yes or No) ____
Number of New Defendants ____
Total number of new counts ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take 8 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

| (Check only one) | | (Check only one) |
|---|---|---|
| I | ☐ 0 to 5 days | ☐ Petty |
| II | ☒ 6 to 10 days | ☐ Minor |
| III | ☐ 11 to 20 days | ☐ Misdemeanor |
| IV | ☐ 21 to 60 days | ☒ Felony |
| V | ☐ 61 days and over | |

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge ______ Case No. ______
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 24-8432-BER, 24-8435-BER, 24-mj-8448-WM
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge ______ Case No. ______
9. Defendant(s) in federal custody as of (Medina - 9/11/24) (Balaguer - 9/11/24) (Beltre Olivo - 9/18/24)
10. Defendant(s) in state custody as of ______
11. Rule 20 from the ______ District of ______
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: [signature]
DANIEL E. FUNK
Assistant United States Attorney
FL Bar No. 0592501

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** JOSUE DAVID BALAGUER

**Case No:** 24-cr-80112-Rosenberg/Reinhart

Count #1:

Conspiracy to distribute and possess with intent to distribute a controlled substance (fentanyl over 40 grams), in violation of 21 U.S.C. §§ 841(a)(1), 846, 841(b)(1)(B)(vi), and 841(b)(1)(C)

* **Max. Term of Imprisonment:** 40 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years
* **Max. Supervised Release:** 4 years up to life
* **Max. Fine:** $5,000,000
* **Mandatory Special Assessment:** $100

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** MARCOS GEOVANNY BELTRE OLIVO

**Case No:** 24-cr-80112-Rosenberg/Reinhart

Count #1:

Conspiracy to distribute and possess with intent to distribute a controlled substance (fentanyl over 40 grams), in violation of 21 U.S.C. §§ 841(a)(1), 846, 841(b)(1)(B)(vi), and 841(b)(1)(C)

* **Max. Term of Imprisonment:** 40 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years
* **Max. Supervised Release:** 4 years up to life
* **Max. Fine:** $5,000,000
* **Mandatory Special Assessment:** $100

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** JOEL MEDINA

**Case No:** 24-cr-80112-Rosenberg/Reinhart

Count #1:

Conspiracy to distribute and possess with intent to distribute a controlled substance (fentanyl over 40 grams), in violation of 21 U.S.C. §§ 841(a)(1), 846, 841(b)(1)(B)(vi), and 841(b)(1)(C)

* **Max. Term of Imprisonment:** 40 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years
* **Max. Supervised Release:** 4 years up to life
* **Max. Fine:** $5,000,000
* **Mandatory Special Assessment:** $100

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**